## GALUSHA v. CHICAGO GREAT WESTERN RY. CO.

(Circuit Court of Appeals, Eighth Circuit.  November 7, 1908.)

### No. 2,786.

MASTER AND SERVANT (§ 286*) — ACTION FOR INJURY TO SERVANT—SUFFICIENCY OF EVIDENCE—DEFECTS IN RAILROAD CAR.

Plaintiff, a switchman employed by defendant railroad company, while switching was riding on the side of a freight car, standing on a stirrup a few inches below the bottom of the car. In stepping down, while the train was moving slowly, he fell in some way, and one of his legs was run over.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It was dark, and he carried a lantern. He testified that on stepping down one of his feet was caught in the stirrup by a bolt which projected from the bottom of the car to within three inches of the stirrup, and such defect was alleged as the ground of recovery. The car was identified as one of four foreign refrigerator cars which had been inspected when received by defendant shortly before. They were again examined by employés immediately after the accident, to discover, if possible, its cause, and other inspections were afterward made by others than defendant, but none disclosed the condition testified to by plaintiff, but, on the contrary, in no case did the bolt reach within less than 7½ inches of the stirrup. *Held*, that such evidence was sufficient, as against the meager and indefinite testimony of plaintiff, to disprove the existence of the alleged defect, and in any event of any such defect as to show negligence in inspection, and justified the direction of a verdict for defendant.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1020; Dec. Dig. § 286.*]

In Error to the Circuit Court of the United States for the District of Minnesota.

Humphrey Barton (John H. Kay, on the brief), for plaintiff in error.

W. J. Ainsworth (A. G. Briggs and Edward A. Knapp, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and AMIDON, District Judge.

AMIDON, District Judge. The plaintiff brought this action to recover damages for personal injuries which he suffered on November 2, 1906, while employed as a switchman in the yards of the defendant at South St. Paul. The accident occurred at about 6 o'clock in the evening. It was then so dark that the workmen required the use of their lanterns in the performance of their service. We will now follow the account given by plaintiff himself as to how the accident occurred. While testifying as a witness, he stated that the train consisted of a locomotive and seven cars. He was riding on the side of a Swift Refrigerator car, in about the middle of the train, with both his feet in the stirrup projecting below the bottom of the car near the end, and extending parallel with the side of the car. He held on by his hands to a grab iron located on the side of the car about 30 inches above the stirrup. The train was moving at the rate of from 4 to 6 miles an hour. He reached a point where it was necessary for him to get down from the car in the performance of his service, and in doing so let down his right foot. As it touched the ground he released his hold on the grab iron. He then discovered that his left foot was caught in the stirrup. He took one step with his right foot, and just as he was going to take the second step he made his observation of what was holding his foot, and claims to have discovered that the stirrup extended about 6 inches below the bottom of the car, and that immediately inside of the stirrup one or more bolts projected below the bottom of the car about 3 inches; that the toe of his shoe pressed up against the end of the bolt, while the back portion of the shoe pressed down on the stirrup. At the same instant he lost his balance, and fell

before taking the second step. Just as he started to fall his left foot became disengaged from the stirrup, and he fell outward and backward. The side of the car projected about 2 feet beyond the rail, and yet in falling as above described, in some manner unexplained in the evidence and quite inscrutable to the lay mind, his right foot got across the track and was run over by the car.

As a ground of recovery it is charged in the complaint that the car upon which plaintiff was riding was defective because the stirrup and the projecting bolt were so related as to render the stirrup dangerous for the purposes for which it was intended to be used. The plaintiff testified that previous to the accident he had never observed either the stirrup or the bolt, and that his observation at that time was momentary, while he was in imminent peril and just as he was falling. It was dark at the time, so that he required the use of a lantern. Testimony based upon such a meager and confused observation rises scarcely above mere conjecture or speculation. The trial judge, who heard and saw the witnesses in the giving of their testimony, found great difficulty in accepting plaintiff's account of the accident, because it seems so inherently improbable and to conflict so directly with what is reasonable and natural. We share in that difficulty after a careful reading of the record.

But accepting plaintiff's account that his foot was caught in the stirrup, that does not take us within the line of defendant's liability. It is urged by counsel for plaintiff that the fact that plaintiff's foot was caught is some evidence of a defective construction of the car. If it were only possible for a brakeman's foot to be caught in a defective stirrup, there would be some force in the argument. But the nature of the appliance shows that such accidents may be caused by the negligence of the brakeman, though the stirrup be in proper condition. To entitle the plaintiff to recover, he was bound to show that the stirrup was defective, and that the defect was of such a character that it would have been discovered by a reasonable inspection. The only proof on these subjects is the testimony of the plaintiff which we have already summarized. That of itself is of such meager probative force as to hardly constitute substantial evidence of the fact.

But when we examine the evidence produced by the defendant a case is made out so strong as to furnish complete support to the action of the trial court in directing a verdict in its favor. The car was a foreign car. The defendant was charged with the duty of exercising reasonable inspection to discover any defects either in its construction or repair. It was identified by a witness produced on behalf of the plaintiff as one of four Swift refrigerator cars, and plaintiff's counsel conceded in the course of the trial that this was correct. All of these cars immediately before the accident had been inspected. Immediately after the accident they were again inspected by two trainmen of the defendant for the purpose of discovering, if possible, the cause of the accident. The same evening three of the cars were turned over to the Northern Pacific Railway Company, and one to the Wisconsin Railway Company. Upon their receipt the employés of these companies subjected them to the usual inspection.

Later their attention was called to the fact of the accident, and they were requested to again examine the cars, which they did. Evidence was also given showing that the cars had been inspected a few days before the accident, and that they were repeatedly inspected at other points after the accident. These numerous inspections by wholly disinterested parties failed to discover any unsafe condition in the cars, and constitute a persuasive showing (1) that there was in fact no defect in the cars, or (2) that the defect, if any existed, was such as would not be discovered by a reasonable inspection. The cars were brought to Minneapolis at the time of the trial in June, 1907. It was shown by entirely satisfactory evidence that no repairs had ever been made upon them in the meantime. Careful measurements were then made which showed that the clearance between the bottom of the projecting bolts and the bottom of the stirrups varied from 7½ to 10 inches, which was concededly not a dangerous condition. Photographs of the cars were also taken and offered in evidence, and they disclosed a similar condition of these appliances.

Upon this state of the evidence we think the trial court was amply justified in directing a verdict in favor of the defendant at the close of the testimony. There are no disputed principles of law involved in this action. Its decision depends entirely upon questions of fact. We have made a general summary of the evidence sufficient to disclose the case as it was presented in the trial court. We do not deem a more specific analysis of the evidence necessary, as no principle can be deduced therefrom which could be controlling in the trial of other causes.

The judgment of the trial court is affirmed.